UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP,<br><br>  Plaintiff,<br><br>  v.<br><br>KYEONG PARK,<br><br>  Defendant. | Case No. 25-cv-07431-EKL<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has applied to proceed in forma pauperis, but it appears that he is three strikes barred and cannot proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g), unless he is under imminent danger of serious physical injury.

**DISCUSSION**

**Legal Standard**

Congress forbids a prisoner from bringing a civil action in forma pauperis under 28 U.S.C. § 1915, if the prisoner has while incarcerated or detained in any facility, brought an action or appeal in federal court on three or more prior occasions, which was dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Relying on the statute's command that "*in no event*" may such a prisoner proceed, the Ninth Circuit has explained that this bar is triggered by a prisoner's history of filing frivolous litigation rather than by the merits of the current action. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). The word "frivolous" refers to a case that is "'of little weight or importance:

having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Id*. (citation omitted).  Dismissal of an action under Section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id*.

*Andrews* requires that a prisoner be notified of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar pauper status for him. *Id*. *Andrews* implicitly allows the court to sua sponte raise the Section 1915(g) problem but requires the court to notify the prisoner of the earlier dismissals it considers may support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id*. at 1120.  A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action as a pauper under Section 1915, but he still may pursue his claims if he pays the full filing fee at the outset of the action.

**Analysis**

Pursuant to *Andrews*, the Court now gives plaintiff notice that he appears to have amassed at least six Section 1915(g) dismissals:

1. *Sharp v. Koenig*, No. 21-cv-6035 RS (N.D. Cal. Sep. 26, 2022) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 9), case dismissed for failure to file an amended complaint (ECF No. 10));

2. *Sharp v. Commissioner John Koskinen*, No. 21-cv-2171 PJH (N.D. Cal. April 8, 2021) (case dismissed for failure to state a claim (ECF No. 5));

3. *Sharp v. Mims*, No. 13-cv-0534 AWI BAM (E.D. Cal. July 1, 2014) (case dismissed for failure to state a claim (ECF No. 25));

4. *Sharp v. Mason*, No. 03-cv-1354 EJG DAD (E.D. Cal. Sep. 5, 2003) (case dismissed for failure to state a claim (ECF No. 12));

5. *Sharp v. County of San Diego*, No. 99-cv-1685 AJB (S.D. Cal. May 24, 2000) (case dismissed because claims were time-barred (ECF Nos. 24, 29)); and

6.      *Sharp v. Cal. State Prison Corcoran Medical Staff*, No. 99-cv-5550 OWB DLB (E.D. Cal. March 27, 2000) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 7), case dismissed for failure to file an amended complaint (ECF Nos. 9, 10)).

The Court has evaluated each of these cases based on their dismissal orders. *See Andrews*, 398 F.3d at 1120. Under precedent from the Ninth Circuit, each dismissal counts as a strike. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011) (dismissal for failure to state a claim constitutes a strike); *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (where complaint is dismissed with leave to amend, and prisoner fails to amend, the dismissal counts as a strike); *Belanus v. Clark*, 796 F.3d 1021, 1027-30 (9th Cir. 2007) (dismissals for failure to state a claim because claims were time-barred may be counted as strikes pursuant to Section 1915(g)). Plaintiff does not appear entitled to proceed in forma pauperis.

Nor does it appear that plaintiff is entitled to proceed under the imminent danger exception. The danger faced by the plaintiff must be "clearly related to [the] initial complaint." *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (discussing nexus requirement). The plaintiff must allege that he is in imminent danger of serious physical injury at the time the complaint is filed, and the allegation must be "plausible." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007); *see also id*. at 1057 n.11 (recognizing that "assertions of imminent danger . . . may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations . . . .").

In the complaint, plaintiff alleges that in 2019, prior to the COVID-19 pandemic, defendant Dr. Park treated him for coughing and breathing issues. ECF No. 1 at 5. Defendant provided medicine for allergies, but plaintiff did not improve, and his condition worsened. *Id*. Defendant treated plaintiff in February 2020 and again diagnosed him with allergies. A week later, plaintiff was hospitalized with COVID-19. Later in 2021 and 2022 plaintiff was again seen by defendant for coughing who said it was a cold, but plaintiff noted that it had been occurring for more than three years. *Id*. Defendant ordered an x-ray that did not reveal any medical issues, but in 2023 a CT scan revealed that plaintiff had chronic obstructive pulmonary disease. *Id*. at 5, 8. Plaintiff seeks money damages due to defendant's failure to properly diagnose him from 2019 to

2022. *Id*. at 3. Based on the complaint which alleges that defendant failed to properly diagnose him years earlier, it does not appear that plaintiff was in imminent danger at the time of filing this complaint in 2025.

## CONCLUSION

1. In light of plaintiff's strikes, and because he does not appear plausibly to have been in imminent danger of physical injury at the time of filing, he is **ORDERED TO SHOW CAUSE** within **twenty-eight days** from the date of service of this order why his motion for leave to proceed in forma pauperis should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In his response, plaintiff may address how he is in imminent danger by providing specific allegations. He may also address how the six dismissals above do not constitute strikes under Section 1915(g).

2. If plaintiff is so inclined, he may avoid dismissal of his action by paying the $405.00 filing fee. The Court notes for plaintiff's benefit that this order does not constitute a screening of his claims pursuant to 28 U.S.C. § 1915A. Even if plaintiff pays the full filing fee for this action, the Court still will be required to conduct an initial review of the pleadings pursuant to that statute. *See* 28 U.S.C. § 1915A(a)-(b). Failure to file a timely response or failure to pay the full filing fee will result in the dismissal of this action.

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 17, 2025

Eumi K. Lee
United States District Judge